UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE 162,

    Plaintiff,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2991
Judge Michael H. Watson
Magistrate Judge Deavers

---

STEVE SNYDER-HILL, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Deavers

---

WILLIAM KNIGHT, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Deavers

JOHN DOE,

        Plaintiff,

v.

THE OHIO STATE UNIVERSITY,

        Defendant.

Case No. 2:23-cv-2996
Judge Michael H. Watson
Magistrate Judge Deavers

---

EDWARD GONZALES, *et al.*,

        Plaintiff,

v.

THE OHIO STATE UNIVERSITY,

        Defendant.

Case No. 2:23-cv-3051
Judge Michael H. Watson
Magistrate Judge Deavers

## CASE MANAGEMENT ORDER NO. 4

Following the parties' submissions of their proposed Discovery Plaintiffs on April 3, 2025, this Order supersedes Case Management Order No. 3, as necessary, and further establishes the following:

### I. SCHEDULE

- Full fact discovery on the Discovery Plaintiffs was opened by oral order of the Court issued at the status conference held on April 3, 2025. That discovery will take place through **MARCH 31, 2026.**

- The parties shall brief the question of who at OSU was an "administrator with authority to take corrective action" such that their knowledge can be imputed as OSU's knowledge under Title IX. Plaintiffs' **joint** brief is due on **OCTOBER 10, 2025.** Defendant's response is due on **OCTOBER 31, 2025.** Plaintiffs' joint reply is due on **NOVEMBER 17, 2025.** On this issue, the Court anticipates the parties will be able to **agree** as to many high-level individuals and will eventually submit to the Court those individuals whom the parties agree satisfy the knowledge standard. Thus, the anticipated briefing should focus solely on **genuine** disputes.

- On **APRIL 15, 2026,** Plaintiffs shall submit their **joint** top three choices for bellwether trial and Defendant shall submit its top three choices for bellwether trial. Each side should submit a letter brief explaining its choices, not to exceed five pages. The lists and letter briefs shall be submitted via email to Watson_chambers@ohsd.uscourts.gov.

- Deadlines for expert discovery, dispositive and other motion briefing, will be established after the Court selects the two bellwether trial cases.

- The first bellwether trial, drawn from Plaintiffs' **joint** submission will take place in **OCTOBER 2026.** The second bellwether trial, drawn from Defendant's submission, will take place in **APRIL 2027.**

II.     CONDUCT OF FACT DISCOVERY

- Fact discovery of the twenty (20) Discovery Plaintiffs may consist of up to six (6) depositions of individuals per Discovery Plaintiff by Defendant and up to 40 total depositions across all twenty (20) Discovery Plaintiffs by Plaintiffs jointly. The difference in the total number of depositions between Plaintiffs and Defendant is a result of Defendant's potential need to address deficiencies in Plaintiff Fact Sheets or records collection efforts. For that purpose, Defendants shall utilize records depositions to the full extent possible.

- Each witness deposition shall be noticed in each of the five pending cases. No witness shall be deposed more than once except upon a finding of good cause by the Court upon written motion. A particular counsel's failure to attend a deposition will not constitute good cause for re-deposing absent extraordinary circumstances. The parties reserve their rights to seek additional depositions in any Discovery Plaintiffs' case during this fact discovery period upon a good cause showing. No additional discovery as to a bellwether trial case shall be conducted absent leave of Court upon a good cause showing.

- Discovery Plaintiffs shall appear in person in Columbus, Ohio for their depositions unless otherwise agreed to by Defendant and counsel for the Discovery Plaintiff to be deposed. Any counsel not conducting the deposition may attend such a deposition remotely if arrangements are made for the deposition to be cast via Zoom. Non-Discovery-Plaintiff depositions may occur via Zoom upon the parties' agreement, with any party's counsel permitted to appear in person if they so choose.

- Fact Discovery in all cases but the Discovery Plaintiffs' cases shall be **STAYED** pending further order of this Court or agreement of counsel. Discovery Plaintiffs and their counsel shall promptly correct all remaining deficiencies in Discovery Plaintiff Fact Sheets identified by Defendant and shall cooperate with, and take all action requested by, MRC and records custodians to collect records for the Discovery Plaintiffs (e.g., issuing subpoenas and demand letters; contacting records custodians; providing records authorizations; including special authorizations; correcting deficiencies in authorizations; providing information requested, etc.)

- The discovery stay does not preclude Defendant from asserting a dispositive defense against the bellwether plaintiffs and arguing that it broadly applies to the other plaintiffs. Individual arguments against non-bellwether plaintiffs are not to be made until the Court turns to those cases. *See* Transcript of June 27, 2024 Status Conference at 13:12-16 (ECF No. 34 in Case No. 23-cv-2991.)

- Consistent with the typical practice in this Court, beginning on **JUNE 1, 2025**, and **QUARTERLY** thereafter, any Discovery Plaintiff seeking attorney fees and costs as a prevailing party must file a disclosure of the attorneys' fees and costs accrued as of that date. Each disclosure must be specific to each Discovery Plaintiff for whom such fees will be sought. Failure to timely file the disclosure, without good cause, may result in the waiver and/or forfeiture of claimed fees and costs.

- Plaintiffs' counsel shall continue "cooperation by and among counsel for the [232] Plaintiffs across these five cases [as] essential for an orderly and expeditious resolution of the litigation," and "counsel in the five cases [shall] work together in an effort to maximize efficiencies, avoid redundant and duplicative discovery, and minimize needless or repetitive filings, not to mention billing." *See* Order dated October 23, 2023 (ECF No. 7 in Case No. 2:23-cv-2991.)

- Now that the Discovery Plaintiffs have been selected, the Protective Order filed on December 20, 2023, in each of these cases, including any forthcoming amendments thereto, governs matters of confidentiality. To be clear, as the discovery phase moves forward to bellwether case selection, information that is publicly available may no longer be designated as "Confidential" and the dispute mechanism to challenge any confidentiality designation is available.

## III. DISMISSAL OF DISCOVERY PLAINTIFFS

- For the selected Discovery Plaintiffs, Plaintiffs' counsel shall not voluntarily dismiss such a Plaintiff unless the dismissal is **with** prejudice. Any exception to this dismissal requires either (1) some other agreement between the parties, or (2) a Court determination that extenuating circumstances make such a dismissal unjust.

    - Dismissal Before Commencement of Depositions: For any Discovery Plaintiff dismissed before depositions begin, the counsel designating that Plaintiff (*i.e.*, Plaintiffs jointly or Defendant) retains discretion to submit a replacement.

    - Dismissal After Commencement of Depositions: For any Discovery Plaintiff seeking dismissal or contemplating settlement after depositions have begun, such Discovery Plaintiff will only be dismissed/settled with notice to the Court. Notice shall also be provided to any mediator, as applicable. Moreover, the dismissal can

only occur according to the Conditions of this Case Management Order or any future order and shall include conditions that protect the integrity of Plaintiffs' and Defendant's bellwether process rights, including but not necessarily limited to, procedures and timing governing strikes, replacements, and/or bellwether trial designations.

IT IS SO ORDERED.

Date: April 10, 2025

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

_____
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE