THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE 162, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE OHIO STATE UNIVERSITY, <br><br> Defendant. | Case No. 2:23-cv-02991 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Elizabeth P. Deavers |
| STEVE SNYDER-HILL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE OHIO STATE UNIVERSITY, <br><br> Defendant. | Case No. 2:23-cv-02993 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Elizabeth P. Deavers |
| WILLIAM KNIGHT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE OHIO STATE UNIVERSITY, <br><br> Defendant. | Case No. 2:23-cv-02994 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Elizabeth P. Deavers |
| STEVE GRESOCK, <br><br> Plaintiff, <br><br> v. <br><br> THE OHIO STATE UNIVERSITY, | Case No. 2:23-cv-02996 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Elizabeth P. Deavers |

|  |  |
|---|---|
| Defendant. ) | |
| ) | |
| ) | |
| EDWARD GONZALES, et al., ) | |
| ) | Case No. 2:23-cv-3051 |
| Plaintiffs, ) | |
| ) | Judge Michael H. Watson |
| v. ) | |
| ) | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S RESPONSE TO PLAINTIFFS' JULY 17, 2025 NOTICE REGARDING DEPOSITIONS**

Defendant The Ohio State University respectfully files this response to the July 17, 2025 Notice filed by Plaintiffs' counsel in the *Snyder-Hill* Case, Case No. 2:23-cv-02993 (ECF No. 116).

**I.    BACKGROUND.**

    **A.    Plaintiffs' Admitted Breach Of The Protective Order.**

Plaintiffs' Notice admits that certain unnamed "clients" of Plaintiffs' counsel committed an "unacceptable" breach of the confidentiality provisions of the Protective Order on July 16, 2025. *Id*. at PageID# 2251. These Plaintiffs intentionally leaked purported deposition testimony of former Ohio State Athletic Director Andy Geiger to a local media outlet, NBC 4 Columbus, while Plaintiffs' counsel were still deposing Mr. Geiger. *Id*.; *see* Exhibit A (original NBC 4 article). The NBC 4 story which published Plaintiffs' characterizations of Mr. Geiger's testimony ran before it was updated to delete the references to Mr. Geiger's testimony. *See* Exhibit B (updated NBC 4 articles). While Ohio State appreciates Plaintiffs' counsels' attempt to rectify their clients' misconduct, by then it was too late. The initial NBC 4 report containing Mr. Geiger's purported testimony continued to be published by at least one other news outlet based on the NBC 4 report until at least mid-afternoon on the next day, July 17, 2025. *See* Exhibit C (Fox 2 article dated July

2

17, 2025, 3:37 PM).

B. **<u>The Court's Admonishment</u>.**

From the beginning, this Honorable Court has admonished not to try these cases in the media. *See* Transcript of May 24, 2019 Status Conference (ECF No. 91) at PageID# 567:5-10 ("I want to begin by reiterating the comment that I made at the initial hearing on the status conference on this case. I don't want this case tried in the media and I'm tired of finding out about matters involving my case from *The Columbus Dispatch*. Somebody has been talking to the newspaper.").

Plaintiffs' discussion of ongoing live deposition testimony of Andy Geiger with members of the local news media disrespects the directives of this Honorable Court, violates its Protective Order, and undermines the integrity of these proceedings.[1]

C. **<u>Plaintiffs' Proposed "Remedy" Is Unprecedented And Unfairly Seeks To Penalize Ohio State For Plaintiffs' Misconduct</u>.**

Plaintiffs' counsel are effectively asking this Court to manage the conduct of ***their*** clients for them as counsel. This is unprecedented. Further, rather than seeking a remedy from the Court that is targeted only at Plaintiffs and their counsel as the sole transgressors, Plaintiffs' Notice seeks to sweep Ohio State in as well. Without conferring with counsel for Ohio State about potential remedies for the breach of the Protective Order before filing their Notice, Plaintiffs' counsel make a unique request for this Honorable Court to amend its current Protective Order to broadly order that ***all*** clients be excluded from viewing live depositions remotely and/or impose additional

---

[1] As discovery has begun and these cases move toward trial, Plaintiffs and their counsel have continued to make extrajudicial statements in widely distributed media. These other instances include, for example: (1) involvement and commentary by Plaintiffs' counsel and their clients in the HBO documentary, *Surviving Ohio State*, released on June 17, 2025 (referencing, among other things, purported statements and knowledge of witnesses Plaintiffs have indicated they seek to depose) (see Exhibit D); and (2) an editorial by Plaintiffs' counsel and their clients in *The Lantern*, Ohio State's student newspaper, on June 30, 2025 (attached as Exhibit E).

3

obligations upon them that are not required by the existing Protective Order. *See* Notice at PageID# 2251-2252 ("we propose that (1) no client be permitted to witness any future deposition by video/Zoom, even if they are physically present in a lawyer's office, (2) any client who attends a deposition in person be required to sign the Protective Order before the deposition begins, and (3) though permitted by the Protective Order, clients watching depositions must agree, in writing, that they will not discuss deposition testimony with other clients who are not watching the deposition, until informed by their attorney what portions of the deposition have been not designated confidential and are publicly available discovery.").

Plaintiffs' proposal as applied to Ohio State is unacceptable. Ohio State and its counsel have **not** engaged in improper conduct, have kept Plaintiffs' identities and information in confidence, and should **not** be penalized for misconduct by Plaintiffs. In other words, the existing Protective Order—which all parties and their counsel previously agreed to, and the Court adopted as its Order—should continue to apply as is to Ohio State.

## II.  THE COURT SHOULD ISSUE AN ORDER TO ADDRESS THE BREACH AND SECURE A FAIR TRIAL.

Given their current admitted violation of the Protective Order, this Honorable Court should impose additional reasonable restrictions and obligations upon **Plaintiffs and their counsel** to ensure a fair trial and protect the integrity of these proceedings, as well as the mediation the Court ordered on July 18, 2025.

"Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right." *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1075 (1991); *see also Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 12121516, at *1 (S.D. Ohio Oct. 1, 2013) ("The right to a fair trial, both in civil and criminal cases, is one our most cherished values, and a trial judge should

have the authority to adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity.") (quoting *CBS Inc. v. Young*, 522 F. 2d 234, 241 (6th Cir. 1975) (brackets omitted). Accordingly, trial courts, like this one, have "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity," *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979), including the danger that "'pretrial publicity may taint the jury venire, resulting in a jury that is biased toward one party or another.'" *United States v. Sittenfeld*, No. 1:20-CR-142, 2021 WL 1438300, at *3 (S.D. Ohio Apr. 15, 2021) (quoting *United States v. Brown*, 218 F.3d 415, 423 (5th Cir. 2000)).

Pursuant to the Court's "affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity," *Gannett*, 443 U.S. at 378, the Court may enter an order. *Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 12121516, at *1 (S.D. Ohio Oct. 1, 2013). Such orders "fall within the Court's prerogative to maintain appropriate decorum in the administration of justice and to protect the rights of the litigants from prejudice." *Id*. Such an order is appropriate where "there is 1) a substantial probability that Defendants' right to a fair trial will be prejudiced by publicity that the [] Order would prevent; and 2) there exists no reasonable alternative that will adequately protect the Defendants' right to a fair trial." *Id*. (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 14 (1986).

### III.   <u>CONCLUSION</u>.

To preserve the constitutional right to a fair trial, and protect the integrity of these proceedings, including mediation, Ohio State respectfully requests that the Court:

(1) Enter a "narrowly tailored" and "easily digestible" Order that curtails any further public/media statements about these cases by Plaintiffs' counsel, their clients, and their

representatives. *Frenchko*, 2022 WL 4356209, at *2; *Durrani*, 2013 WL 12121516, at *1.

(2) Order Plaintiffs to (a) identify the particular Plaintiffs (by Doe number, if they are proceeding pseudonymously) who violated the Protective Order by leaking Mr. Geiger's deposition testimony and (b) show cause why these Plaintiffs should not be sanctioned for doing so. *See* Fed. R. Civ. P. 37(b)(2).

(3) Deny Plaintiffs' request to enter an Order that also penalizes Ohio State for misconduct by Plaintiffs. The existing Protective Order—which all parties and their counsel previously agreed to, and the Court adopted as its Order—should continue to apply as is to Ohio State

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Carpenter Lipps LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
Email: carpenter@carpenterlipps.com
          bricker@carpenterlipps.com
          beekhuizen@carpenterlipps.com
          barthel@carpenterlipps.com

*Special Counsel for Defendant The Ohio State University*

6

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on August 7, 2025.  Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter

*Trial Attorney for Defendant The Ohio State University*