UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVE SNYDER-HILL, *et al.*,

    Plaintiffs,

    v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

WILLIAM KNIGHT, *et al.*,

    Plaintiffs,

    v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

EDWARD GONZALEZ, *et al.*,

    Plaintiffs,

    v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-3051
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

**ORDER**

This matter is before the Court on Defendant's Motion for Leave to File Under Seal.[1] Through this Motion, Defendant seeks to file under seal an unredacted version of its response to Plaintiffs' motion for a ruling on damages. Defendant filed the redacted version of its response on the public record prior to filing its current Motion. According to Defendant, the information to be sealed involves references to deposition testimony and/or fact sheet responses of Plaintiffs, which Plaintiffs have designated as confidential pursuant to the Protective Orders in these matters. Defendant explains that the redacted version of its response contains only those redactions necessary to protect information designated as confidential by Plaintiffs. For the following reasons, the Motion is **GRANTED.**

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.,* 825 F.3d 299, 305 (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two

---

[1] ECF No. 172 in *Snyder-Hill v. The Ohio State University*, Case No. 23-cv-2993; ECF No. 121 in *Knight v. The Ohio State University*, Case No. 2:23-cv-2994; and ECF No. 181 in *Gonzalez v. The Ohio State University*, Case No. 2:23-cv-3051.

categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Here, the Court finds that this action is of public interest. The information sought to be sealed, however, is sensitive information commonly filed under seal, including descriptions of alleged sexual abuse and the true identities of John Doe plaintiffs proceeding here anonymously. Indeed, the Court already has recognized that the Fact Sheets should remain under seal and that

3

documents containing the true identities of the Plaintiffs proceeding anonymously should be filed under seal.  Thus, weighing the competing interests, the Court finds that the strong policy and interest in protecting the non-disclosure of the subject information outweighs the public's interest in disclosure of this specific information in this case.   Moreover, the Court is satisfied that, as Defendant has explained, the request is narrowly tailored and no broader than necessary to protect the confidential information.  *In re Nat'l Prescription Opiate Litig.*, 2019 WL 2529050, at *14 (citations and internal quotation marks omitted).

For these reasons, Defendant's Motion is **GRANTED.**   Defendant is **DIRECTED** to file under seal **WITHIN THREE DAYS OF THE DATE OF THIS ORDER,** an *unredacted* version of its response, including the exhibits submitted to the Court for *in camera* review.  The Clerk is **DIRECTED** to maintain that forthcoming filing under seal.

**IT IS SO ORDERED.**

Date: March 9, 2026

*/s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE
